**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KATHLEEN T. BAILEY, | No.   14-35465 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-00538-BR |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted October 6, 2016[**]
Portland, Oregon

Before:  THOMAS, Chief Judge, and CLIFTON and NGUYEN, Circuit Judges.

Kathleen Bailey seeks review of the denial of her application for disability

insurance benefits.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we

affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court correctly entered judgment affirming an Administrative Law Judge's ("ALJ") decision denying Bailey's application for disability payments. The ALJ properly assessed the medical evidence and incorporated the limitations supported by the evidence into the residual functional capacity by restricting Bailey to light work with only occasional reaching of her right arm.

The ALJ did not err in finding Bailey "not fully credible." The medical evidence suggests that many of Bailey's impairments had improved (e.g., migraines) or responded favorably to treatment (e.g., her carpal tunnel syndrome responded favorably to a splint; her hypoglycemia was controlled with regular eating; and a cervical collar relieved pain). Even excluding scrubbing floors and camping from the list of Bailey's daily activities, her activities were inconsistent with the severity of symptoms she alleged. The contradictions between Bailey's testimony and the medical evidence, Bailey's inconsistent statements regarding painkillers, and Bailey's daily activities were specific, clear, and convincing reasons to discount her credibility. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161–63 (9th Cir. 2008); *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).

The ALJ properly discounted the testimony of Robert Wolff, Bailey's friend and former roommate. The ALJ gave Wolff's testimony "some weight" because it

2

was only somewhat consistent with the evidence of record; this is a germane reason to discredit a lay witness's testimony. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)).

The ALJ did not err by failing to supplement the record. There was no ambiguity or inadequacy in the record, and the ALJ was not required to solicit additional testimony after giving Wolff's testimony "some weight." *See McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2010) (stating the ALJ only has a duty to conduct an appropriate inquiry where the record establishes ambiguity or inadequacy).

The ALJ's hypothetical to the vocational expert was proper because it included the limitations supported by substantial evidence. *See Magallanes v. Bowen*, 881 F.2d 747, 756–57 (9th Cir. 1989) (stating the ALJ may limit a hypothetical to only those limitations supported by substantial evidence in the record).

The ALJ was mistaken on several factual matters, but the errors were harmless because he did not base any conclusions on them. *Carmickle*, 533 F.3d at 1162 (explaining that "the relevant inquiry . . . is whether the ALJ's decision remains legally valid, despite such error"). Further, Bailey was unable to

demonstrate prejudice from any errors.  *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09) (noting the burden was on the party claiming error to demonstrate that the error affected her "substantial rights").

The ALJ's determination that Bailey can perform light work with limited overhead reaching with the right upper extremity is supported by substantial evidence.  Any legal errors were harmless.  The district court properly entered judgment in favor of the Commissioner.

**AFFIRMED.**